**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EDGAR M. RIOS-LOPEZ | * |
| | * |
| Petitioner | * |
| | * |
| v. | *   Civil No. 05-1563(SEC) |
| | * |
| UNITED STATES OF AMERICA | * |
| | * |
| Respondent | * |

**********************************

**OPINION AND ORDER**

Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence (Docket # 1). After considering his motion, the Government's Opposition thereto (Docket # 7), the Magistrate's Report and Recommendation (Docket # 8), and Petitioner's Objection to the Report and Recommendation (Docket # 11), his Motion to Vacate, Set Aside or Correct Sentence will be **DENIED**.

**Factual and Procedural Background**

On February 26, 2004, petitioner was charged, along with five (5) other co-defendants, in a five (5) count indictment. See, Case No. 04-098 (SEC), Docket # 2. Count One charged petitioner with, on or about May 2003 to on or about December 2003, conspiracy to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

Count Two charged petitioner with, on or about May 14, 2003, attempt to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 2; all in violation of Title 21, United States Code, Section 846.

Count Four charged petitioner with, on or about December 5, 2003, attempt to possess with the intent to distribute five (5) kilograms or more of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

**Civil No. 05-1563(SEC)** 2

2; all in violation of Title 21, United States Code, Section 846.

On June 24, 2004, petitioner pled guilty to Counts One, Two and Four pursuant to a Plea Agreement under FRCP 11(c)(1)(B). See, Case No. 04-098 (SEC), Docket # 64. According to the Plea Agreement, petitioner was to be held accountable for at least 3.5 kilograms but less than 5 kilograms of cocaine for a Base Offense Level of THIRTY (30). A two (2) level increase was agreed for petitioner's possession of a weapon in connection with the possession and distribution of narcotics (U.S.S.G. § 2D1.11(b)(1)) and a three (3) level reduction was stipulated for petitioner's acceptance of responsibility (U.S.S.G. § 3E1.1(b)); for a Total Offense Level of TWENTY NINE (29). The total imprisonment range, if a Criminal History Category of I, was eighty seven (87) to one hundred eight (108) months. The parties agreed to recommend a term of imprisonment of eighty seven (87) months, to be served concurrently. See, Case No. 04-098 (SEC), Docket # 64.

On November 5, 2004, petitioner was sentenced at the mid range of the guideline level, to satisfy the criteria of punishment and deterrence, to a term of ninety six (96) months as to Counts One, Two and Four, to be served concurrently. A supervised release term of four (4) years and a special monetary assessment of $300.00 were imposed. In addition, petitioner was ordered to submit to a drug test within 15 days of release, and thereafter submit to random drug tests not to exceed 104 samples per year in accordance with the Court's drug aftercare program policy. See, Case No. 04-098 (SEC), Docket # 108. On November 20, 2004, judgment was entered accordingly. See, Case No. 04-098 (SEC), Docket # 109. No direct appeal was filed. On May 27, 2005 Petitioner filed the above captioned action, requesting that his sentence be vacated or set aside pursuant to 28 U.S.C. § 2225. See, Docket # 1 Ex. 1.

On June 8, 2005 the Court referred this case to U.S. Magistrate-Judge Camille L. Vélez-Rivé for a Report and Recommendation (Docket # 4). On September 29, 2005 the Magistrate-Judge issued her report (Docket # 8), recommending that Petitioner's motion be

**Civil No. 05-1563(SEC)**                                                                                                          3

denied without an evidentiary hearing for failure to meet the "heavy burden" requirements for proving an ineffective assistance of counsel. See, Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Strickland v. Washington, 466 U.S. 668, 687 (1984).  Her Report and Recommendation focuses on how the record belies Petitioner's allegations, in particular, the statements recorded in the transcript from the Change of Plea Hearing.

      **Applicable Law and Analysis**

The scope of review of a Magistrate's recommendation is set forth in 28 U.S.C. 63(b)(1)(C).  This section provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified findings or recommendations to which [an] objection is made." Id.  However, no review is required of those issues to which objections are not timely raised. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); Borden v. Secretary of Health, 836 F.2d 4, 6 (1st Cir. 1987). In fact, a party who fails to file any objections to the Magistrate Judge's Report and Recommendation within ten days of its filing waives his or her right to appeal from this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994). See also, Rule 72(d) of the Local Rules for the District of Puerto Rico.

While Petitioner's objections took longer than the ten (10) days normally allowed to file, the Court will look at them as Petitioner's explanation for their tardiness is convincing. See, Docket # 11, pp. 1-2.  However, the objections to the Magistrate's Report and Recommendation are not as persuasive.

Petitioner argues that he received ineffective assistance of counsel for failure to inform him of his right to appeal and for allowing the improper delegation of drug testing conditions to the probation officer, pursuant to United States v. Meléndez-Santana, 353 F.3d 93 (1st Cir. 2003).  Petitioner also alleges that his plea was neither knowing and nor voluntary because he was not fully advised on its nature and consequences.  Specifically, Petitioner contends that he was not properly informed of the two (2) point enhancement for possession

**Civil No. 05-1563(SEC)**                                                                                                              4

of a weapon in furtherance of the conspiracy that was adopted at sentencing. Petitioner also avers that he is entitled to an evidentiary hearing.

Petitioner's first objection, accompanied by a brief account of the relevant law, is a conclusory statement alleging that he has met both prongs of the test articulated in Strickland. Petitioner, however, offers no argumentation to sustain this claim. His next objection is that his sentence violated his Sixth Amendment right to a jury trial. Again, Petitioner offers no grounds explaining why this is so. There is a long line of cases in the First Circuit that stand for the proposition that: "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived." U.S. v. Jiminez, 498 F.3d 82, 88 (1st Cir. 2007) (citing, United States v. Zannino, 895 F.2d 1, 17 (1st Cir.1990)). Thus, we could dismiss Petitioner's objections based on this standard. However, we will address the objections head on.

According to Strickland a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Id. at 694. In the instant case Petitioner alleges that his Counsel withheld information from him and that this lead to his plea. However, as the Magistrate's Report and Recommendation meticulously shows, Petitioner was both informed and questioned by the Court in his Change of Plea hearing about every bit of information Petitioner now alleges his attorney did not inform him about. Thus, even if his lawyer withheld the information, the record shows that Petitioner was fully aware of all these issues when he entered his guilty plea since the Court addressed them to the Petitioner at that time. However, the record also shows that Petitioner answered in the affirmative when asked if his attorney had discussed these issues with him. See, COP hearing Tr. p. 6-7.

Petitioner's allegation that his sentence violated his Sixth Amendment right to a jury trial is a nonstarter. Once a defendant has consented to the facts and has entered a guilty plea

**Civil No. 05-1563(SEC)**                                                                                                              5

there is no need for fact finding.  Thus, the jury's participation is unnecessary since all that is left to do is determine the law, a task which rests squarely in the Judge's domain.

Petitioner's final objection is that the gun enhancement to his sentence was a judge-found fact and that this violates the Sixth Amendment principle set up in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The relevant part of the Sixth Amendment states that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury[.]" U.S. Const. amend. VI.  <u>Apprendi</u>, in turn, holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt." <u>Id.</u> at 490.  However, Petitioner admitted that in one instance he and his co-conspirators "were in constructive possession of at least one firearm" (COP hearing Tr. p. 14) and that in another instance he and his co-conspirators "possessed and carried at least two long weapons" (<u>Id.</u> at 15) while transporting cocaine and carrying out the conspiracy.  Thus, the two (2) point gun-enhancement to Petitioner's sentence was not reliant on a judge-found fact; the gun possession was admitted to by Petitioner and as a result <u>Apprendi</u> is inapposite.

**Conclusion**

In the instant case, Petitioner has objected to the Magistrate Judge's Report and Recommendation, and thus we are required by law to review it.  However, upon review, we find no fault with Magistrate-Judge Camille L. Velez-Rive's assessment and thus **APPROVE** and **ADOPT** her Report and Recommendation as our own.  Accordingly, Petitioner's motion under 28 U.S.C. § 2255 is hereby **DISMISSED**.

**SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of March, 2008.

S/ *Salvador E. Casellas*

SALVADOR E. CASELLAS
United States District Judge